# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### September 10, 2013 Session

## ROBERT E. BONDS PEEPLES v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 07-00564      J. Robert Carter, Jr., Judge**

**No. W2012-01701-CCA-R3-PC  - Filed November 21, 2013**

The Petitioner, Robert E. Bonds Peeples, appeals as of right from the Shelby County Criminal Court's denial of his petition for post-conviction relief.  The Petitioner contends that he received ineffective assistance of counsel because his trial counsel failed to secure an expert witness to testify regarding the reliability of eyewitness identification.  Discerning no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as or Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and JAMES CURWOOD WITT, JR., JJ., joined.

Andrew M. Bonderud (on appeal) and Samuel Rodriguez, III (at hearing and on appeal), Memphis, Tennessee, for the appellant, Robert E. Bonds Peeples.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; Amy P. Weirich, District Attorney General; Marlinee Iverson and Stephanie Zander Johnson, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

The Petitioner was convicted of aggravated burglary and sentenced to fifteen years as a Range III, persistent offender.  This court affirmed the Petitioner's conviction on direct appeal, and our supreme court denied permission to appeal that decision.  See State v. Robert Bonds, No. W2007-02771-CCA-R3-CD, 2008 WL 4117955 (Tenn. Crim. App. Sept. 5, 2008), perm. app. denied, (Tenn. Feb. 17, 2009).  The evidence at trial established that on August 22, 2006, the Petitioner was caught entering the home of Angela Jenkins, a Memphis Police officer, through a rear sliding glass door.  Officer Jenkins's son found the Petitioner with his "arm and shoulder blade [] through the sliding glass door."  Officer Jenkins's son

grabbed the Petitioner's arm and saw him briefly on the patio before the Petitioner jerked free and ran. Id. at *1.

Officer Jenkins's son then chased the Petitioner as the Petitioner tried to get into a car parked across the street. The Petitioner was unable to get into the car and ran away. The Petitioner was found approximately a fourth of a mile from Officer Jenkins's home. When he was found, the Petitioner was running and sweating profusely. The Petitioner was taken back to Officer Jenkins's home where he was identified as the burglar by Officer Jenkins's son. Both Officer Jenkins and her son testified at trial that they did not "get a good look at the [burglar's] face," but that the Petitioner was the same race and had the same build, height, and clothing as the burglar. A knife which did not belong to anyone in the house was later found in Officer Jenkins's backyard. Bonds, 2008 WL 4117955 at *1-3.

The Petitioner filed a timely pro se petition for post-conviction relief. Counsel was appointed, and an amended petition was filed alleging that trial counsel was ineffective by failing to secure an expert witness to testify regarding the reliability of eyewitness identification. The Petitioner did not testify at the post-conviction hearing. Trial counsel testified that in addition to the facts described above, there was evidence that the car parked across the street from Officer Jenkins's house belonged to the Petitioner's girlfriend. Trial counsel further testified that on cross-examination, he questioned Officer Jenkins and her son about the fact that they had not seen the burglar's face and that Officer Jenkins's son "bashed in all the windows" of the car out of anger. Trial counsel also raised these issues in his closing argument.

However, trial counsel testified that he did not feel an expert witness on eyewitness identification would be helpful in this case given the amount of circumstantial evidence pointing to the Petitioner's guilt. Trial counsel testified that the Petitioner told him he was walking home after having sex with a woman when he was arrested, but the Petitioner never gave trial counsel the name of the woman or any other information to corroborate his alibi. Trial counsel also testified that the Petitioner rejected a plea offer of six years despite trial counsel's having advised him that a conviction was likely given the evidence. The Petitioner did not present an expert to testify regarding the reliability of eyewitness identification at the post-conviction hearing.

The Petitioner argued to the post-conviction court that our supreme court's decision in State v. Copeland, 226 S.W.3d 287 (Tenn. 2007), created a per se rule requiring defense counsel to procure an expert to testify regarding the reliability of eyewitness identification whenever such an issue is raised by the facts of a case. In its written order denying post-

conviction relief,[1] the post-conviction court noted that in Copeland our supreme court held that a trial court had erred by not allowing expert testimony regarding the reliability of eyewitness identification in a capital murder case involving "cross-racial identification," neither of which were at issue in this case. As such, the post-conviction court rejected the Petitioner's claim that Copeland created a per se rule mandating defense counsel to call such experts in all cases involving eyewitness identification. Based upon the foregoing, the post-conviction court concluded that the Petitioner had failed to demonstrate that trial counsel's performance was ineffective.

On appeal, the Petitioner contends that the post-conviction court erred in dismissing his petition. The Petitioner argues that in light of the Copeland decision, trial counsel was ineffective for failing to secure an expert witness to testify regarding the unreliability of eyewitness identification. The Petitioner further argues that "no substitutionary efforts [were] made [by trial counsel] to effectively attack the eyewitnesses' credibility." The State responds that the Petitioner failed to establish that trial counsel was ineffective because no expert witness regarding eyewitness testimony testified at the post-conviction hearing.

The burden in a post-conviction proceeding is on the petitioner to prove his allegations of fact supporting his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); see Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). On appeal, we are bound by the post-conviction court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Additionally, "questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved" by the post-conviction court. Id. Because they relate to mixed questions of law and fact, we review the post-conviction court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

Under the Sixth Amendment to the United States Constitution, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993). In other words, a showing that counsel's performance falls below a reasonable standard is not enough; rather, the petitioner must also show that but for the substandard

_____

[1]The Petitioner's pro se petition raised several other issues. However, the post-conviction court deemed these issues as having been waived because the Petitioner presented no proof regarding these issues at the post-conviction hearing. The Petitioner has also not raised these issues in his appellate brief; therefore, he has waived review of these issues in this court.

performance, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

This court has long held that "[w]hen a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). This is the only way the petitioner can establish that failure "to call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the petitioner." Id. Live testimony from the witness is usually necessary for the post-conviction court to evaluate whether the testimony is admissible, material, and credible. Pylant, 263 S.W.3d 854, 869-70 (Tenn. 2008). We cannot speculate as to what a witness may have said if presented or how the witness may have responded to a rigorous cross-examination. Black, 794 S.W.2d at 757. The Petitioner failed to present an expert witness on the issue of the reliability of eyewitness testimony at the post-conviction hearing; therefore, the Petitioner has failed to establish by clear and convincing evidence that trial counsel was ineffective by failing to do the same at trial.

At oral argument in this case, the Petitioner argued that he should not be faulted for failing to present such an expert witness because there is no funding provided for an indigent petitioner to secure such an expert for post-conviction proceedings. However, after "careful consideration of the cases and constitutional provisions" our supreme court has held that "the state is not required to provide expert assistance to indigent non-capital post-conviction petitioners." Davis v. State, 912 S.W.2d 689, 696-97 (Tenn. 1995). Accordingly, we affirm the judgment of the post-conviction court.

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

 

 

_____
D. KELLY THOMAS, JR., JUDGE

-4-